1  Melvyn D. Silver (SBN 48674)
   Ruth Silver Taube (SBN 169589)
2  **LAW OFFICES OF SILVER & TAUBE**
   300 South First Street, suite 205
3  San Jose, California 95113
   Telephone:  (408) 298-9755
4  Facsimile:  (408) 298-9699

5  Attorneys for Plaintiff RUSSELL WYLLIE

   \*\*E-filed 2/9/07\*\*

6

7

8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                    DIVISION OF SAN JOSE

12  RUSSELL WYLLIE,                          Case No.: C 06-06922 JF HRL

13              Plaintiff,                   **JOINT CASE MANAGEMENT
                                             STATEMENT AND PROPOSED ORDER;**
14          vs.                              **REQUEST FOR CONTINUANCE OF CASE
                                             MANAGEMENT CONFERENCE**
15  LIFE INSURANCE COMPANY OF
    NORTH AMERICA, APPLE                     Date:  February 16, 2007
16  COMPUTER, INC. LONG TERM
    DISABILITY PLAN, TRUSTEE OF              Time:  10:30 a.m.
17  THE GROUP INSURANCE TRUST
    FOR EMPLOYERS IN THE
18  MANUFACTURING INDUSTRY
    LONG TERM DISABILITY INCOME
19  PLAN,

20              Defendants.

21

22

23

24

25

26

27

28

*Wyllie v. Life Insurance Company of North America, et al.*
**Joint Case Management Statement and Proposed Order**

1

## I.    BRIEF DESCRIPTION OF THE CASE

2       Russell Wyllie is a 43-year-old former Senior Technical writer for FileMaker, a subsidiary

3   of Apple Computer.  In December 2004, Mr. Wyllie alleges he became disabled as a result of

4   repetitive strain injury, writs and arm tendonitis, carpal tunnel syndrome, and epicondylitis.  Mr.

5   Wyllie applied for and received short-term disability benefits.  Mr. Wyllie then began receiving

6   long-term disability benefits under a long-term disability policy (the "Policy") issued by the Life

7   Insurance Company of North America ("LINA").  LINA provided long-term disability benefits to

8   Mr. Wyllie from December 7, 2004 through May 19, 2005.  Benefits were then terminated on the

9   basis that Mr. Wyllie was no longer disabled and could perform the duties of his own occupation.

10  Because this case involves a dispute over Mr. Wyllie's alleged entitlement to long-term disability

11  benefits pursuant to an employee benefit plan, this case is governed by the Employee Retirement

12  Income Security Act of 1974, as amended ("ERISA), 29 U.S.C. §§ 1001, *et seq.*

13                    ## II.    PRINCIPAL FACTUAL ISSUES

14      Mr. Wyllie contends that he remains disabled under the terms of the Policy; LINA

15  maintains that a review of medical records discloses that Mr. Wyllie is no longer disabled under

16  the terms of the Policy.

17                    ## III.    PRINCIPAL LEGAL ISSUES

18      Mr. Wyllie maintains that he is disabled under the terms of the Policy and is eligible for

19  further benefits.  LINA maintains that Mr. Wyllie is not disabled under the terms of the Policy

20  and not eligible for further benefits.  LINA also maintains that the Policy affords discretion to

21  LINA and the matter is to be reviewed under the abuse of discretion standard of review.  Mr.

22  Wyllie maintains that under *Abatie vs. Alta Health & Life Insurance Company*, 458 F.3d 955 (9th

23  Cir. 2006), the sliding scale standard of review is required.

24                    ## IV.    OTHER FACTUAL ISSUES

25      None.

26                    ## V.    SERVICE OF PROCESS

27      All parties have been served and Answers filed.

28  ///

## VI.   ADDITIONAL PARTIES

No additional parties are anticipated to join the action.

## VII.   ASSIGNMENT TO A MAGISTRATE JUDGE

Not applicable.

## VIII.   ALTERNATIVE DISPUTE RESOLUTION

The parties have agreed to mediate this case before the Honorable Judge Edward A. Infante (retired) at JAMS on April 18, 2007. The parties therefore request that this case management conference be continued to a date three weeks post-mediation to allow the parties an opportunity to settle the matter.

## IX.   TELEPHONIC APPEARANCE REQUEST

In the event the Court declines to continue the Case Management Conference until sometime after the Parties' mediation on April 18, 2007, the parties jointly request pursuant to Local Rule 16-10 that they be permitted to appear telephonically at the Case Management Conference currently set for Friday, February 16, 2007.

## X.   INITIAL DISCLOSURES

The parties anticipate Initial Disclosures will be complete by February 28, 2007.

## XI.   MOTION PRACTICE

The parties anticipate that if the matter is not resolved in mediation, the matter will be resolved through cross-motions for summary judgment. The parties will submit a Proposed Motion Schedule to the Court if mediation is unsuccessful.

Dated: February _8_, 2007

LAW OFFICES OF SILVER & TAUBE

By _____
Melvyn D. Silver
Attorney for Plaintiff

Dated: February _9_, 2007

MORGAN, LEWIS & BOCKIUS LLP

By _____
Donald P. Sullivan
Andrew C. Sullivan
Attorneys for Defendants

*Wyllie v. Life Insurance Company of North America, et al.*
**Joint Case Management Statement and Proposed Order**          2

1

## [PROPOSED] CASE MANAGEMENT ORDER

2       The Court, having considered the Parties' Case Management Conference Statement,

3   continues the Case Management Conference to ____May 11_____, 2007.

4

5   Dated:___2/9/07_____

6                                           The Honorable Jeremy Fogel
                                            United States District Judge

7

8

9   1-SF/7493954.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Wyllie v. Life Insurance Company of North America, et al.*
**Joint Case Management Statement and Proposed Order**                    3